[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11380

Non-Argument Calendar

_____

JONI HARRIS,

 Plaintiff-Appellant,

*versus*

INTERNATIONAL PAPER COMPANY,

 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 2:20-cv-00573-TFM-N

_____

Before JILL PRYOR, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Joni Harris appeals the district court's judgment in favor of her former employer, International Paper Company (IP), on her claim that Lance McCray, a male environmental engineer, was paid more than her for performing substantially similar work, in violation of the Equal Pay Act, 29 U.S.C. § 206; and her claim that she was discriminated against based on her race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

Harris brings two challenges. First, she challenges the district court's denial of her motion for a new trial, arguing that the court abused its discretion by excluding evidence of the compensation and job details of two other male employees in her department, Brad Shanks and Scott Baker. Second, she claims that the court erred in granting summary judgment to IP on her Title VII claim because IP failed to present specific evidence of its nondiscriminatory motivations to pay McCray a higher salary. After careful review, we find the district court did not err and thus affirm.

## I.

We review the denial of a motion for a new trial under the abuse of discretion standard. *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002). "A district court abuses its discretion where its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."

24-11380                Opinion of the Court                3

*Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016) (internal quotation marks omitted).

For a motion for a new trial based on the exclusion of evidence, it is the movant's burden to demonstrate the erroneous evidentiary ruling "probably had a substantial influence on the jury's verdict." *Procor v. Fluor Enters.*, 494 F.3d 1337, 1353 (11th Cir. 2007). Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great weight of the evidence. *Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 811 (11th Cir. 2020).

We also review the district court's rulings on the admission of evidence for an abuse of discretion. *Furcron*, 843 F.3d at 1304.. The court's evidentiary rulings will be affirmed "unless the district court has made a clear error of judgment or has applied an incorrect legal standard." *Id* (quotation marks omitted).

Even a clearly erroneous evidentiary ruling will be affirmed if harmless. *Id.* An error is harmless unless it affects the substantial rights of the parties. *See* Fed. R. Civ. P. 61; Fed. R. Evid. 103(a). "Substantial rights are affected if one cannot say, with fair assurance that the judgment was not substantially swayed by the error." *Furcron*, 843 F.3d at 1304 (internal quotation marks omitted and alteration adopted). To determine whether substantial rights were affected, "we look to a number of factors, including the number of errors, the closeness of the factual disputes . . ., and the prejudicial

effect of the evidence at issue." *Peat, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004).

A plaintiff establishes a prima facie case under the Equal Pay Act if she shows that her employer paid different wages to employees of the opposite sex for equal work on jobs requiring equal skill, effort, and responsibility, and which were performed under similar working conditions. *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362 (11th Cir. 2018).

Here, the district court did not err in denying Harris's motion for new trial because any evidentiary error was harmless.[1] Harris argues that the district court should not have excluded evidence of Shanks's compensation because it was relevant to show that McCray's pay was based on Shanks's when he left the same position. In her view, this rebuts IP's claim that McCray was paid more than Harris because McCray had a competing offer at the time he was hired. She argues that evidence of Shanks's pay from earlier in his career at IP, when his earnings were "substantially equal" to Harris's, demonstrates that IP did not think the differences between air and water engineers warranted a difference in pay.

The evidence at trial showed that McCray's position as an air engineer was not substantially equal to Harris's position as a

---

[1] Harris has abandoned her arguments relating to the evidence concerning Baker, as she only made passing references to it in her brief on appeal. *See Cole v. U.S. Atty. Gen.*, 712 F.3d 517, 530 (11th Cir. 2013) ("If the party mentions the issue only in his Statement of the Case but does not elaborate further in the Argument section, the party has abandoned that issue.").

wastewater engineer. Another IP engineer, Jennifer Stacey, testified that there are "different decisions that are made between" the air and water engineers, that there is "a greater sense of urgency with the air." Where an air engineer needs to make an "immediate decision," a water engineer may "have hours or days or weeks or months in which to respond." She further testified that while McCray and Harris "both had important responsibilities, . . . they were different responsibilities, with a different sense of urgency, different potential consequences, and the supervisory responsibilities were very different." And McCray testified the continuous monitoring that air requires "[m]akes it a lot more complicated" than wastewater and that it "is just a totally different beast."

Considering the evidence presented at trial, Harris fails to show that the evidence relating to Shanks's compensation and job details would have substantially swayed the jury into concluding that McCray's position as an air engineer required equal skill, effort, and responsibility to her position as a wastewater engineer.

## II.

"We review a grant of summary judgment *de novo*." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (per curiam). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if it has a "real basis in the record," and "the evidence is such that a reasonable jury could return a verdict for the nonmovant." *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th

Cir. 2005) (per curiam) (quotation marks omitted). We must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party and must resolve all reasonable doubts about the facts in favor of the nonmovant. *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008).

Title VII prohibits an employer from discriminating against a person with respect to the "terms, conditions, or privileges of employment, because of such individual's" race or sex. 42 U.S.C. § 2000e-2(a)(1). Without direct evidence of discrimination, a plaintiff can prove a discrimination claim under Title VII through circumstantial evidence, which we generally analyze using the three-step, burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g., EEOC. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002) (per curiam). Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case of intentional discrimination. *Joe's Stone Crabs, Inc.*, 296 F.3d at 1272.

If the plaintiff establishes a prima facie case, "the burden shifts to the [employer] to articulate a legitimate, nondiscriminatory reason for its actions." *Lewis v. City of Union City*, 918 F.3d 1213, 1221 (11th Cir. 2019) (en banc). As long as the employer presents a "clear and reasonably specific" nondiscriminatory basis for its actions, it has discharged its burden of production. *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254–55, 258 (1981). The burden then shifts back to the plaintiff to show that the employer's stated

reasons "were not its true reasons, but were a pretext for discrimination." *Id.* at 253–56.

A plaintiff can show pretext by presenting evidence that a proffered reason is false, and that discrimination was the true reason for the adverse employment action. *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163 (11th Cir. 2006). If the employer's reason might motivate a reasonable employer, the plaintiff must meet it head on and rebut it. *Id.* The employee "cannot succeed by simply quarreling with the wisdom of" the employer's reasoning. *Id.* (quotation marks omitted). "When a plaintiff chooses to attack the veracity of the employer's proffered reason, the inquiry is limited to whether the employer gave an honest explanation of its behavior." *Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1310–11 (11th Cir. 2012) (internal quotation marks omitted and alteration adopted).

Here, Harris fails to demonstrate that the district court erred in granting summary judgment to IP on her Title VII claim. IP articulated clear and reasonably specific reasons for its decision to pay McCray a higher salary. It stated that McCray's air engineer position, unlike Harris's wastewater engineer position, required constant responsibility for air emissions events that could occur at any time, and McCray had supervisory authority over the employees in the lab.

Harris attempts to show pretext by challenging the wisdom of IP's decision based on her perception of the similarities between the air engineer position and the water engineer position—not

whether IP "gave an honest explanation" based on its different perception of the two roles. *See Kragor*, 702 F.3d at 1310–11. And nothing in the record suggests that IP's explanation of its decision was dishonest. Thus, the court did not err in granting summary judgment to IP on Harris's Title VII claim.

**AFFIRMED.**